IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

NATALIE MEDRANO,
    Plaintiff

v.

GUESS? Retail, Inc., a Delaware corporation,
    Defendant

## COMPLAINT

For her Complaint against Defendant Guess? Retail, Inc., Plaintiff Natalie Medrano alleges as follows:

### I. JURISDICTION AND VENUE

1. This action arises under the Constitution and laws of the United States and the State of Colorado.

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343. This action is authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq. ("Title VII").

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the employment practices alleged herein to be unlawful occurred in the State of Colorado.

4. All procedural prerequisites for filing this suit have been met. Plaintiff timely filed a Charge of Discrimination alleging discrimination and retaliation against Guess with the Equal Employment Opportunity Commission ("EEOC"), and received her Notice of Right to Sue.

5. This Complaint and Jury Demand is being filed within 90 days of Plaintiff's receipt of the Right to Sue letter.

## II. PARTIES

6. Plaintiff is and was a Colorado resident at all relevant times, including during the time of the events described in this Complaint.

7. At all relevant times, Plaintiff was an "employee" as defined by Title VII.

8. Defendant Guess? Retail, Inc., (Guess), is and has been incorporated in, licensed to and doing business in the State of Colorado during all relevant time periods.

9. Upon information and belief, Defendant employed 15 or more employees during all of the relevant time periods, and therefore is and has been an "employer" as defined by Title VII during all of the relevant time periods.

## III. FACTUAL ALLEGATIONS

10. Plaintiff, who is female, was employed at Guess's Belmar, Colorado location as its Store Manager from August 14, 2017 through her termination.

11. Ms. Medrano's District Manager was Raul Trigo. Mr. Trigo was, for the relevant time period, the District Manager for Texas and Colorado. Mr. Trigo is based in Texas, but his territory included two stores in Colorado.

12. Part of Mr. Trigo's duties included traveling to his Colorado stores, which is where he first interacted with Ms. Medrano at her Belmar store.

13. From her hire in August 2017, Ms. Medrano excelled at her position. Ms. Medrano met all of her same-store sales objectives ("comps") every month, received bonuses, and was one of the top performing stores in the district.

14. Ms. Medrano's performance was satisfactory.

15. Despite Ms. Medrano's excellent work performance at her store, Mr. Trigo did not provide adequate mentoring and ongoing management training consistent with that of other similarly situated male managers.

16. Ms. Medrano started in August 2017, but Mr. Trigo did not visit her store until November 2017.

17. Guess's Belmar store was one of Mr. Trigo's top performing stores during Ms. Medrano's tenure there, yet she received no recognition from Mr. Trigo at sales team meetings.

18. Mr. Trigo did not respond to Ms. Medrano's inquiries or requests for assistance on numerous occasions.

19. Mr. Trigo treated male managers in his district more favorably than Ms. Medrano.

20. When Mr. Hector Agosto started at Guess in December 2017, Mr. Trigo announced Mr. Agosto's arrival on Groupme, adding Mr. Agosto's modeling photo.

21. When Mr. Trigo visited Mr. Agosto at the Park Meadows store, Mr. Trigo skipped visiting Ms. Medrano's Belmar store.

22. Mr. Trigo presented Mr. Agosto with an award for store of the year, even though Mr. Agosto had been at the Park Meadows store for less than one month.

23. Mr. Trigo would exclude Ms. Medrano from staffing meetings and gatherings. Mr. Trigo chose to fly Mr. Agosto to Las Vegas one night early for a sales meeting in Las Vegas, Nevada.

24. Ms. Medrano was excluded from Mr. Trigo's meetups at these manager meetings. Mr. Trigo even failed to invite Ms. Medrano to two manager meetings in Los Angeles, which she discovered after those meetings took place.

25. Ms. Medrano reached out to Mr. Trigo for guidance and assistance in implementing corrective action for a male assistant store manager recently hired by Mr. Trigo. Mr. Trigo instead defended the assistant manager's poor job performance.

26. The assistant store manager, like Mr. Trigo and Mr. Agosto, is a Spanish-speaking gay male of Mexican descent.

27. Mr. Trigo asked Ms. Medrano if she would transfer to the Park Meadows store, and have Hector Agosto transfer to the Belmar store. Ms. Medrano told Mr. Trigo that she would not transfer to the Park Meadows store.

28. On March 15, 2018, Ms. Medrano received a visit in store from Mr. Trigo. During that visit, Mr. Trigo presented Ms. Medrano with a 30-day Action Plan.

29. The Action Plan that Mr. Trigo prepared stated that it was it was connection with a previous evaluation, which Ms. Medrano never received.

30. The Action Plan contained numerous false statements and unrealistic sales goals, evidencing pretext for discrimination.

31. Between the March 15, 2018 Action Plan and her ultimate termination, Ms. Medrano received a surprise loss prevention audit, was subjected to a two-hour "State of the Region" conference call, which focused on topics included in Ms. Medrano's Action Plan, and had a random visit and audit from the regional training manager. None of these events were typical events.

32. Guess ultimately terminated Ms. Medrano, citing a false accusation that Ms. Medrano was improperly contacting store employees via text.

33. Guess replaced Ms. Medrano with a male employee who was less qualified and who did not perform as well at his position as Ms. Medrano.

## IV. FIRST CLAIM FOR RELIEF

Sex Discrimination in Violation of Title VII, 42 U.S.C. §§ 2000e, et seq.

34. Plaintiff incorporates by reference all allegations in each and every preceding and subsequent paragraph as if fully set forth herein.

35. Plaintiff is a female. She is therefore a member of the class of persons protected from discrimination on the basis of her sex under Title VII.

36. At all relevant times, Plaintiff performed her job duties at least satisfactorily and was qualified for her position at Guess.

37. Defendant excluded Ms. Medrano from meetings and events with her peers, depriving her of opportunities for continuing education and advancement within the company.

38. Defendant favored male employees over female employees in hiring, promotion, and discipline as evidenced by its acts to exclude Ms. Medrano from career-advancing opportunities, disciplining her under false pretenses, and hiring and promoting males who were less qualified for the position.

39. Defendant terminated Ms. Medrano and replaced her with a male who was less-qualified for the position.

40. Plaintiff's sex was a motivating factor in the above-described adverse actions Defendant took against her.

41. Defendant Guess is liable for the acts and omissions of its agents and employees. Defendant, either directly or by and through their agents, discriminated against Plaintiff on the basis of her sex.

42. Defendant's conduct was the proximate cause of Plaintiff's injuries, damages, and losses.

43. Defendant's conduct was engaged in with malice or with reckless indifference to the federally-protected rights of Plaintiff within the meaning of Title VII.

44. As a direct result of Defendant's conduct, Plaintiff has suffered significant damages, injuries, and losses.

## V. RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in her favor and against Defendant, and award her all relief as allowed by law and equity, including, but not limited to the following:

a. Appropriate equitable relief,

b. Actual economic damages, in amounts to be determined at trial;

c. Compensatory damages, including but not limited to those for past and future pecuniary and non-pecuniary losses, emotional distress, suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses;

d. Punitive damages, as allowed by law, in amounts to be determined at trial;

e. Pre-judgment and post-judgment interest at the highest lawful rate; and

f. Attorneys' fees and costs of this action, including expert witness fees, as appropriate; and

g. Any such further relief as justice requires or the law allows.

Dated this 23rd day of December, 2020.

                          Respectfully submitted,

                          THE LAW OFFICE OF GRETCHEN E. LIPMAN, LLC

                          _____s/ Gretchen Lipman_____
                          Gretchen E. Lipman
                          The Law Office of Gretchen E. Lipman, LLC
                          1776 S. Jackson St., Ste. 710
                          Denver, CO 80210
                          Tel: 303-861-3022
                          E-mail: gretchen@lipmanlawcolorado.com

Plaintiff's Address:
10608 Park Mountain West
Littleton CO 80127